1  PAUL L. REIN, Esq. (SBN 43053)
2  AARON M. CLEFTON, Esq.  (SBN 318680)
   REIN & CLEFTON, Attorneys at Law
   200 Lakeside Drive, Suite A
3  Oakland, CA  94612
   Telephone:  510/832-5001
4  Facsimile:  510/832-4787
   info@reincleftonlaw.com
5
   Attorneys for Plaintiff
6  JAMES LLEWELLYN

7                        UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10

11   JAMES LLEWELLYN,                    CASE NO.
                                         Civil Rights
          Plaintiff,
12                                       COMPLAINT FOR PRELIMINARY AND
          v.                             PERMANENT INJUNCTIVE RELIEF AND
13                                       DAMAGES: DENIAL OF CIVIL RIGHTS
                                         AND ACCESS TO PUBLIC FACILITIES TO
     AZTECA GOLDEN PARTNERS, INC.        PHYSICALLY DISABLED PERSONS, PER
14   dba LA TAPATIA MEXICAN              FEDERAL AND CALIFORNIA STATUTES
     RESTAURANT & CANTINA               (including CIVIL CODE §§ 51, 52, 54, 54.1,
15   CONCORD; FRED R. DOSTER 2003        54.3 and 55; and HEALTH & SAFETY CODE
      TRUST                              §§ 19953 et seq.); INJUNCTIVE RELIEF PER
16                                       TITLE III, AMERICANS WITH
          Defendants.                    DISABILITIES ACT OF 1990 (including 42
17                                       USC §§ 12181 et seq.)
18                                       DEMAND FOR JURY TRIAL
19

20        Plaintiff JAMES LLEWELLYN complains of Defendants AZTECA GOLDEN

21   PARTNERS, INC. dba LA TAPATIA MEXICAN RESTAURANT & CANTINA CONCORD;

22   FRED R. DOSTER 2003 TRUST, and each of them, and alleges as follows:

23        1.     **INTRODUCTION:**  This case involves a lack of access to the public restrooms,

24   including a lack of grab bars, and other barriers to disabled access that prevented and continue to

25   prevent disabled Plaintiff JAMES LLEWELLYN from fully accessing the La Tapatia Mexican

26   Restaurant located at 1802 Willow Pass Road, Concord, California.  Defendants' inaccessible

27   restroom caused Plaintiff to suffer a humiliating bodily functions accident, and other barriers

28   caused him difficulty there.

                                         1

2.      Defendants denied disabled Plaintiff JAMES LLEWELLYN accessible public facilities, including a compliant accessible restroom at the La Tapatia Mexican Restaurant. Plaintiff JAMES LLEWELLYN is a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for mobility.  He is unable to use portions of public facilities which are not accessible to mobility disabled persons.  On or about March 3, 2020, Plaintiff was denied his rights to full and equal access at La Tapatia Mexican Restaurant.  He was denied his civil rights under both California law and federal law, and continues to have his rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use assistive devices for mobility.

3.      Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

4.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

5.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6.      **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's

causes of action arose in this intradistrict.

7.     **PARTIES:**   Plaintiff is a "qualified" physically disabled person who cannot walk due to Multiple Sclerosis and who requires use of a wheelchair for locomotion.  He owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible parking space.  He has been issued a California state placard for disabled parking.

8.     Defendants AZTECA GOLDEN PARTNERS, INC. dba LA TAPATIA MEXICAN RESTAURANT & CANTINA CONCORD; FRED R. DOSTER 2003 TRUST, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint.  Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9.     La Tapatia Mexican Restaurant is a place of "public accommodation" and "business establishment" subject to the requirements of multiple categories of 42 USC section 12181(7)(B) of the Americans with Disabilities Act of 1990, including a "restaurant, bar, or other establishment serving food or drink" of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.*  On information and belief, La Tapatia Mexican Restaurant and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC §§ 12181(9) and 12182(2)(A)(iv) and (v).

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
**PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

10.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein by reference as if separately repled hereafter.

11.     Plaintiff JAMES LLEWELLYN and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq.*  Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

12.     Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.  On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations,

1   structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

2   been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,

3   structural repairs, and/or additions which triggered access requirements at all relevant portions La

4   Tapatia Mexican Restaurant, also occurred between July 1, 1970, and December 31, 1981, and

5   required access pursuant to the A.S.A. (American Standards Association) Regulations then in

6   effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et*

7   *seq*.  Further, on information and belief, additions to the building after the initial construction also

8   occurred after January 1, 1972, triggering access requirements per Health and Safety Code section

9   19959.  Alterations or additions after January 26, 1993 trigger ADA liability and requirements per

10   42 USC sections 12182 and 12183 of the ADA.

11        13.    **FACTUAL STATEMENT**:  Plaintiff is a person disabled by multiple sclerosis

12   that affects his ability to walk and his balance.  He uses a motorized wheelchair for locomotion.

13   He has a disabled placard that he uses when he travels by motor vehicle.

14        14.    On or about March 3, 2020, Plaintiff decided to take his son and his friend out for

15   a meal at La Tapatia Mexican Restaurant in Concord.  After they found a table and ordered their

16   meal, Plaintiff had a need to use the restroom.  He left the table to find the restroom.

17        15.    Once he found the restroom, Plaintiff went to open the door, but he found the door

18   opening very narrow and lacking accessible minimum doorway width required by state and

19   federal law.  He also saw that the restroom itself was too small for wheelchair users.  Since he had

20   an urgent need to use the restroom, he decided to do the best he could under the circumstances.

21        16.    Plaintiff squeezed his wheelchair through the entrance to the restroom, but due to

22   the size and configuration of the restroom, Plaintiff was unable to get his wheelchair all the way

23   into the restroom.  His wheelchair was still partially sticking out of the door.

24        17.    Plaintiff needed accessible grab bars to transfer himself to the toilet, but he found

25   that the restroom had none.  Due to the lack of grab bars and sufficient turning and side transfer

26   space, Plaintiff was unable to make a side transfer from his wheelchair to the toilet.  However,

27   since his need to use the restroom was great, Plaintiff decided to try again to use the facilities.  He

28   leaned over as far as he could and attempted to urinate into the toilet, but unfortunately, he still

got some urine on his clothing.  Plaintiff was extremely embarrassed both to have to use the restroom with the door partly ajar and to have wet his clothing while using the restroom.

18.     When Plaintiff returned from the restroom prior to being served his meal, he had to sit through his entire dinner with wet clothing to his discomfort and embarrassment.

19.     The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).  All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

20.     Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

21.     **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places.

22.     Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize La Tapatia

6

Mexican Restaurant and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons.  Plaintiff lives near La Tapatia Mexican Restaurant.  He intends to return and patronize La Tapatia Mexican Restaurant once it is made accessible, including its restroom and paths of travel to reach and enter the public restroom.

23.     The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

24.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and the Americans with Disability Act as set forth in the third cause of action and incorporated here. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

25.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants and each of them in owning, operating,

7

leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. These violations have deterred Plaintiff from returning to attempt to patronize La Tapatia Mexican Restaurant and will continue to cause him damages each day these barriers to access continue to be present.

26. **TREBLE DAMAGES:** Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3. At all times herein mentioned, Defendants were fully aware that significant numbers of potential users of their public facilities were and are and will be physically disabled persons, including mobility-impaired persons, and would have need of facilities that complied with California Title 24 and federal ADAAG standards for accessible facilities. Despite this knowledge, Defendants installed and maintained the physical barriers complained of, and failed to remove these barriers, and have failed to provide properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law. On information and belief, Defendants have ignored complaints about the lack of proper disabled access by Plaintiff and by other disabled persons. They maintained these architectural barriers despite actual knowledge that disabled patrons would be unable to fully access the restaurant. Defendants have continued their illegal and discriminatory practices and policy despite actual knowledge that persons with physical mobility disabilities may have attempted to patronize La Tapatia Mexican Restaurant and encountered illegal barriers which deny them full and equal access when they do so.

27. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the subject facilities violated

1   disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff

2   and upon other physically disabled persons, but Defendants have failed to rectify the violations,

3   and presently continue a course of conduct of maintaining architectural and policy barriers that

4   discriminate against Plaintiff and similarly situated disabled persons.  For the foregoing reasons,

5   Plaintiff alleges that an award of statutory treble damages is appropriate.

6           28.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,

7   Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

8   statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

9   for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

10  seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

11  provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

12  19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their

13  facilities accessible to all disabled members of the public, justifying "public interest" attorney

14  fees, litigation expenses and costs pursuant to the provisions of California Code of Civil

15  Procedure section 1021.5 and other applicable law.

16          WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

17
**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
18  **SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED**
19  **BY CIVIL CODE SECTION 51(f)**

20          29.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

21  factual allegations contained in Paragraphs 1 through 28 of this Complaint and incorporates them

22  herein as if separately re-pleaded.

23          30.     At all times relevant to this complaint, California Civil Code section 51 has

24  provided that physically disabled persons are free and equal citizens of the state, regardless of

25  medical condition or disability:

26          All persons within the jurisdiction of this state are free and equal, and no matter
            what their sex, race, color, religion, ancestry, national origin, *disability, or medical*
27          *condition* are entitled to the full and equal accommodations, advantages, facilities,
            privileges, or services in all business establishments of every kind whatsoever.
28

9

Civil Code § 51(b). [Emphasis added.]

31.     California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

32.     Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

33.     Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

34.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

35.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled

1    members of the public, justifying "public interest" attorney fees, litigation expenses and costs

2    pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

3    applicable law.

4            WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter

5    stated.

6                            **THIRD CAUSE OF ACTION:**
     **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
7                              **42 USC §§ 12181 *et seq***

8       36.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

9    the allegations contained in Paragraphs 1 through 35 of this Complaint and incorporates them

10   herein as if separately re-pleaded.

11      37.    In 1990 the United States Congress made findings that laws were needed to more

12   fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

13   that "historically, society has tended to isolate and segregate individuals with disabilities;" that

14   "such forms of discrimination against individuals with disabilities continue to be a serious and

15   pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

16   are to assure equality of opportunity, full participation, independent living, and economic self-

17   sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary

18   discrimination and prejudice denies people with disabilities the opportunity to compete on an

19   equal basis and to pursue those opportunities for which our free society is justifiably famous..."

20   42 U.S.C. §12101.

21      38.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation

22   Act and in the Americans with Disabilities Act of 1990.

23      39.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"),

24   Congress stated as its purpose:

25      It is the purpose of this Act

26      (1) to provide a clear and comprehensive national mandate for the elimination of
        discrimination against individuals with disabilities;
27

28      (2) to provide clear, strong, consistent, enforceable standards addressing discrimination
        against individuals with disabilities;

11

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

40.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "restaurant, bar, or other establishment serving food or drink." 42 USC § 12181(7)(B).

41.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities...where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

42.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is demonstrated by the Defendants to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

43.     The ability to use a restroom is a fundamental necessity of accessing and using a restaurant. So too is the ability to enter and exit the facility, and move around the premises unimpeded by bar stools and chairs.  Therefore, the benefits of creating a restroom with accessible features do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a Restaurant, such as the costs of as ensuring fire safety, or hygiene of employees handling food and providing safely consumable food.  It is thus readily achievable to remove these barriers.

44.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff

the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

45.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing La Tapatia Mexican Restaurant and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

46.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff JAMES LLEWELLYN entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

47.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff JAMES LLEWELLYN is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to La Tapatia Mexican Restaurant, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff JAMES LLEWELLYN prays for judgment and the following specific relief against Defendants:

1.     Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.     Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.     Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

5.      Award prejudgment interest pursuant to Civil Code section 3291; and

6.      Grant such other and further relief as this Court may deem just and proper.

Date: November 30, 2020                          REIN & CLEFTON


_____*/s/ Aaron Clefton*_____
By AARON CLEFTON, Esq.
Attorney for Plaintiff
JAMES LLEWELLYN


## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.


Date: November 30, 2020                          REIN & CLEFTON


_____*/s/ Aaron Clefton*_____
By AARON CLEFTON, Esq.
Attorney for Plaintiff
JAMES LLEWELLYN

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES