PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:    510/832-5001
Facsimile:    510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
JAMES LLEWELLYN

KENNETH L. VALINOTI
VALINOTI, SPECTOF & DITO, LLP
2950 Buskirk Ave., Suite 300
Walnut Creek, CA 94597
Telephone: (925) 407-2081
Facsimile: (650) 745-1126
E mail kvalinoti@valinoti-dito.com

Attorneys for Defendants
AZTECA GOLDEN PARTNERS, INC.
dba LA TAPATIA MEXICAN
RESTAURANT & CANTINA
CONCORD; FRED R. DOSTER 2003  TRUST

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LLEWELLYN,<br><br>          Plaintiff,<br><br>     v.<br><br>AZTECA GOLDEN PARTNERS, INC. dba LA TAPATIA MEXICAN RESTAURANT & CANTINA CONCORD; FRED R. DOSTER 2003 TRUST,<br><br>          Defendants. | Case No. 4:20-cv-08424-HSG<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**<br><br>Action Filed: November 30, 2020 |

1.      Plaintiff JAMES LLEWELLYN filed a Complaint in this action on November 30, 2020, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants AZTECA GOLDEN PARTNERS, INC. dba LA TAPATIA MEXICAN RESTAURANT &

1  CANTINA CONCORD; FRED R. DOSTER 2003 TRUST.  Plaintiff has alleged that
2  Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, 54.3 and 55, of the
3  California Civil Code, and Health and Safety Code §§ 19953 *et. seq.* by failing to provide
4  full and equal access to patrons of the La Tapatia Mexican Restaurant & Cantina located at
5  1802 Willow Pass Road, Concord, California.

6      2.      In order to avoid the costs, expense, and uncertainty of protracted litigation,
7  Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Consent
8  Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys'
9  fees, litigation expenses and costs, raised in the Complaint without the need for protracted
10 litigation.  Accordingly, the Parties agree to the entry of this Order without trial or further
11 adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

12

13 **JURISDICTION:**

14     3.      The Parties to this Consent Decree and Order agree that the Court has
15 jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the
16 Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to
17 supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and
18 54.1.

19     WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the
20 Court's entry of this Consent Decree and Order, which provide as follows:

21

22 **SETTLEMENT OF INJUNCTIVE RELIEF:**

23     4.      This Order shall be a full, complete, and final disposition and settlement of
24 Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject
25 Complaint.

26     5.      The Parties agree and stipulate that the corrective work will be performed in
27 compliance with the standards and specifications for disabled access as set forth in the
28 California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards

- 2 -

CONSENT DECREE AND [XXXXXXX] ORDER

1  for Accessible Design, unless other standards are specifically agreed to in this Consent
2  Decree and Order.

3        a.    **Physical Remedial Measures and Administrative Procedures:**
4             Defendants shall perform the remedial work to provide a fully
5             accessible unisex restroom.

6        b.    **Timing**: Defendants will complete construction for remediation by
7             July 1, 2021.  If unforeseen difficulties, including any delays in the
8             permitting process or as a result of the building department, prevent
9             Defendants from completing any of the agreed-upon injunctive relief,
10            Defendants or its counsel will notify Plaintiff's counsel in writing
11            within seven (7) days of discovering the delay.  Plaintiff will have
12            thirty (30) days to investigate and meet and confer with Defendants,
13            and to approve the delay by stipulation or otherwise respond to
14            Defendants' notice.  If the Parties cannot reach agreement regarding
15            the delay within that time period, Plaintiff may seek enforcement by
16            the Court.

17       c.    Defendants or defense counsel will notify Plaintiff's counsel when the
18            corrective work is completed, and, whether completed or not, will
19            provide a status report to Plaintiff's counsel no later than July 1, 2021.

20       d.    If Defendants fails to provide injunctive relief on the agreed upon
21            timetable and/or fail to provide timely written status notification, and
22            Plaintiff files a motion with the Court to obtain compliance with these
23            terms, Plaintiff reserves the right to seek additional attorney's fees for
24            any compliance work necessitated by Defendants' failure to keep this
25            agreement.  If the Parties disagree, the parties agree to participate in a
26            Magistrate Judge-conducted Settlement Conference for the purposes of
27            resolving the disputed fees.  If the Settlement Conference fails to
28            resolve the fee dispute, Plaintiff may seek an order directing the

1                    Defendants to pay Plaintiff's reasonably incurred fees.

2

**3 DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

4        6.     Defendants agree to pay Plaintiff a total of $18,500 for Plaintiff's damages,

5 attorney fees, litigation expenses, and costs. The damages, attorney fees, litigation expenses

6 and costs shall be paid by wire transfer to Plaintiff's Counsel's trust account payable to

7 "REIN & CLEFTON IN TRUST FOR JAMES LLEWELLYN" and shall wired to Plaintiff's

8 counsel's IOLTA trust account on or before December 31, 2020. Plaintiff's counsel shall

9 provide specific wiring instructions separately.

10

**11 LIQUIDATED DAMAGES CLAUSE**

12        7.     Time is of the essence for this agreement. Delay in payment to Plaintiff

13 creates uncertainty for Plaintiff and Plaintiff's counsel in resolving this matter. In the case of

14 Plaintiff's counsel, this may also mean spending time pursuing collections issues instead of

15 representing disabled persons on other matters and advancing the public interest in making

16 other sites accessible. In consideration of these issues, if Defendants do not pay both the

17 attorney fees and damages contemplated in this Agreement on or before the date specified in

18 this Agreement, Defendants agree to pay $250 per day for each day that payment is not

19 received by Plaintiff. If enforcement of the monetary terms of this agreement becomes

20 necessary, Defendants agree that damages pursuant to this clause will be added to the

21 settlement amount and any motion to enforce this agreement, motion for attorney fees in

22 association with enforcement, and/or judgment entered by the Court.

23

**24 ENTIRE CONSENT DECREE AND ORDER:**

25        8.     This Consent Decree and Order constitute the entire agreement between the

26 signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation

27 expenses, and costs, and no other statement, promise, or agreement, either written or oral,

28 made by any of the Parties or agents of any of the Parties that is not contained in this written

1   Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief

2   described herein.

3

4   **CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN**

5   **INTEREST:**

6       9.      This Consent Decree and Order shall be binding on Plaintiff, Defendants, and

7   any successors-in-interest.  Defendants have a duty to so notify all such successors-in-interest

8   of the existence and terms of this Consent Decree and Order during the period of the Court's

9   jurisdiction of this Consent Decree and Order.

10

11  **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

12      10.     Each of the Parties to this Consent Decree and Order understands and agrees

13  that there is a risk and possibility that, subsequent to the execution of this Consent Decree

14  and Order, any or all of them will incur, suffer, or experience some further loss or damage

15  with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree

16  and Order is signed. Except for all obligations required in this Consent Decree and Order, the

17  Parties intend that this Consent Decree and Order apply to all such further loss with respect

18  to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent

19  Decree and Order. Therefore, except for all obligations required in this Consent Decree and

20  Order, this Consent Decree and Order shall apply to and cover any and all claims, demands,

21  actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit,

22  whether the same are known, unknown, or hereafter discovered or ascertained, and the

23  provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section

24  1542 provides as follows:

25          **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
            **THAT THE CREDITOR OR RELEASING PARTY DOES NOT**
26          **KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT**
            **THE TIME OF EXECUTING THE RELEASE AND THAT, IF**
27          **KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY**
            **AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**
28          **OR RELEASED PARTY.**

CONSENT DECREE AND ORDER

1    11.    Except for all obligations required in this Consent Decree and Order each of the

2    Parties to this Consent Decree and Order, on behalf of each, their respective agents,

3    representatives, predecessors, successors, heirs, partners, and assigns, releases and forever

4    discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers,

5    stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs,

6    predecessors, and representatives of each other Party, from all claims, demands, actions, and

7    causes of action of whatever kind or nature, presently known or unknown, arising out of or in

8    any way connected with the lawsuit.

9

10    **TERM OF THE CONSENT DECREE AND ORDER:**

11    12.    This Consent Decree and Order shall be in full force and effect for a period of

12    eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

13

14    **SEVERABILITY:**

15    13.    If any term of this Consent Decree and Order is determined by any court to be

16    unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in

17    full force and effect.

18

19    **SIGNATORIES BIND PARTIES:**

20    14.    Signatories on the behalf of the Parties represent that they are authorized to

21    bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be

22    signed in counterparts and a facsimile signature shall have the same force and effect as an

23    original signature.

24    **END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE**
25    **END OF THE DOCUMENT.**

26

27

28

CONSENT DECREE AND [PROPOSED] ORDER

1  Dated: _12/3/__, 2020        PLAINTIFF JAMES LLEWELLYN

2

3                               _____
4                               JAMES LLEWELLYN

5  Dated: _____, 2020    DEFENDANT AZTECA GOLDEN PARTNERS,
                                INC. dba LA TAPATIA MEXICAN
6                               RESTAURANT & CANTINA CONCORD

7

8
                                By: _____
9                               Print name:_____
                                Title: _____
10

11 Dated: _____, 2020    DEFENDANT FRED R. DOSTER 2003 TRUST

12

13

14                              By: _Fred R. Doster_____
15                              Print name: _FRED DOSTER_____
                                Title: _TRUSTEE OF THE_____
16                              _FRED R. DOSTER 2003 TRUST_

17 Approved as to form:

18 Dated: _____, 2020    REIN & CLEFTON

19

20                              _____
21                              By: AARON M. CLEFTON, Esq.
                                Attorneys for Plaintiff
22                              JAMES LLEWELLYN

23 Dated: _____, 2020    VALINOTI, SPECTER & DITO, LLP

24

25

26                              _____
                                By: KENNETH L. VALINOTI, Esq.
27                              Attorney for Defendants
                                AZTECA GOLDEN PARTNERS, INC. dba LA
28                              TAPATIA MEXICAN RESTAURANT &
                                CANTINA CONCORD; FRED R. DOSTER 2003
                                TRUST

- 7 -

1   Dated: _____12/30_____, 2020          PLAINTIFF JAMES LLEWELLYN

2

3                                          _____

4                                          JAMES LLEWELLYN

5   Dated: _____, 2020             DEFENDANT AZTECA GOLDEN PARTNERS,
                                           INC. dba LA TAPATIA MEXICAN
6                                          RESTAURANT & CANTINA CONCORD

7

8                                          By: _____

9                                          Print name: DEMINGO DELGADILLO JR.
                                           Title: CFO - Azteca Golden Partners Inc
10                                              dba La Tapatia Mexican Restaurant

11  Dated: _____, 2020             DEFENDANT FRED R. DOSTER 2003 TRUST

12

13

14                                         By: _____

15                                         Print name:_____
                                           Title: _____
16

17  Approved as to form:

18  Dated: _____12/30_____, 2020           REIN & CLEFTON

19

20                                         _____

21                                         By:  AARON M. CLEFTON, Esq.
                                           Attorneys for Plaintiff
22                                         JAMES LLEWELLYN

23  Dated: __12/30/__, 2020                VALINOTI, SPECTER & DITO, LLP

24

25                                         _____

26                                         By:  KENNETH L. VALINOTI, Esq.
                                           Attorney for Defendants
27                                         AZTECA GOLDEN PARTNERS, INC. dba LA
                                           TAPATIA MEXICAN RESTAURANT &
28                                         CANTINA CONCORD; FRED R. DOSTER 2003
                                           TRUST

- 7 -

CONSENT DECREE AND [XXXXXXX] ORDER

1

**ORDER**

2

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

3

Dated:  1/4/2021

4

Honorable Haywood S. Gilliam, Jr.

U.S. District Court Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

CONSENT DECREE AND ORDER